**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN ABDUL GILBERT, | No. 17-35923 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05100-RBL |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 10, 2018[**]

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Washington state prisoner Kevin Abdul Gilbert appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional claims based on unlawful confinement. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Gilbert's claims alleging unlawful incarceration because success on Gilbert's claims would necessarily demonstrate the invalidity of his confinement or its duration, and Gilbert failed to allege that his conviction or sentence has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 claims for damages and declaratory relief are barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)).

To the extent Gilbert claims legal error in any Washington state proceedings, dismissal was proper because the *Rooker-Feldman* doctrine bars any such claim. *See Noel v. Hall*, 341 F.3d 1148, 1155-57 (9th Cir. 2003) (*Rooker-Feldman* doctrine bars de facto appeal of a state court decision).

**AFFIRMED.**

17-35923